IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LITTLE COMPANY OF MARY HOSPITAL, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 06 C 6430 ) ) Wayne R. Andersen |
| MICHAEL O. LEAVITT, Secretary, U.S. Department of Health and Human Services, | ) District Judge ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM, OPINION AND ORDER**

This case is before the court on the parties' cross-motions for summary judgment. For the following reasons, plaintiff Little Company of Mary Hospital's motion for summary judgment is denied and defendant Secretary Michael Leavitt's motion for summary judgment is granted.

**BACKGROUND**

The facts of the case are not in dispute. Plaintiff, Little Company of Mary Hospital, seeks review of a final agency decision made by the Secretary of the Department of Health and Human Services (the "Secretary"), acting through the Medicare Provider Reimbursement Review Board ("PRRB"), pursuant to the Medicare Act, Title XVIII of the Social Security Act, (codified as amended at 42 U.S.C. §§ 1395 *et seq.* (2000)), and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 *et seq,* (2006). Plaintiff is an acute care inpatient hospital and is certified as a "provider of services" under the Medicare program. Plaintiff is entitled to reimbursement for inpatient and outpatient services under the Medicare program.

In order to receive reimbursement under the Medicare program, a participating provider must file a cost report annually with an assigned Medicare fiscal intermediary, which typically is a private insurance company that acts as the agent of the Secretary. After auditing the provider's cost report, the fiscal intermediary issues a final determination of the total amount of reimbursement owing in an initial notice of program reimbursement ("NPR"). A dissatisfied provider can appeal the fiscal intermediary's NPR determination to the PRRB, an administrative review panel, within 180 days under a provision of the Medicare Act, 42 U.S.C. § 1395oo(a). Under the Secretary's regulations, a dissatisfied provider also can request the fiscal intermediary to reopen the determination within three years. 42 C.F.R. § 405.1885 (2008). If a determination is reopened per 42 C.F.R § 405.1885, any revision on the amount of program reimbursement "shall be considered a separate and distinct determination." 42 C.F.R. § 405.1889 (2008).

The present case involves a disproportionate share hospital payment adjustment, which is given to providers that serve a significantly disproportionate share of low-income patients. The disproportionate share hospital payment adjustment is determined under a multi-faceted statutory formula. *See* 42 U.S.C. § 1395ww(d)(5)(F); *see also* 42 C.F.R. § 412.106 (disproportionate share hospital payment regulation). In order to qualify for disproportionate share hospital payment adjustments, a provider must meet a specified minimum "disproportionate patient percentage." The two components of this percentage are the Medicaid Low Income Proxy (hereinafter "Medicaid fraction"), which is calculated by the fiscal intermediary, and the Medicare Proxy, of which the Supplemental Security Income ("SSI") fraction is a part. The Secretary, not the fiscal intermediary, calculates the SSI fraction used in the Medicare Proxy.

On September 12, 2000, the fiscal intermediary in the instant case, AdminiStar Federal, Inc. (the "Intermediary"), issued the initial NPR to Plaintiff for the fiscal year ending June 30,

1998. This NPR included a disproportionate share hospital payment adjustment. The Intermediary subsequently reopened the initial NPR and then issued a revised NPR on July 18, 2002. Plaintiff did not appeal the initial NPR or revised NPR within 180 days of their respective dates of issuance. On September 5, 2003, Plaintiff submitted a request to the Intermediary regarding two issues in the revised NPR. The first request focused on the Medicaid fraction of the disproportionate share hospital payment, and the second reopening request addressed the SSI fraction of the disproportionate share hospital payment.

In response to the reopening request, the Intermediary issued a notice of reopening on November 10, 2004 that was limited to Plaintiff's first reopening request – the Medicaid fraction of the disproportionate share hospital payment. The notice of reopening made no reference to Plaintiff's second request – the SSI fraction of the disproportionate share hospital payment. On November 17, 2004, the Intermediary issued a second revised NPR adjusting the Medicaid fraction of the disproportionate share hospital payment but did not address the SSI fraction.

On January 26, 2005, Plaintiff filed an appeal with the PRRB challenging the Intermediary's second revised NPR. Plaintiff challenged both the Medicaid fraction that was revised by the Intermediary in the second revised NPR as well as the SSI fraction that was not addressed in the second revised NPR. The Intermediary challenged the PRRB's jurisdiction over the SSI component of the appeal arguing that the PRRB did not have jurisdiction to review the SSI component.

On February 15, 2006, the PRRB ruled in the Intermediary's favor. The PRRB ruled that pursuant to 42 C.F.R. § 405.1889 a provider's post-reopening appeals are "issue specific" inasmuch as the provider may appeal only the specific matter that was reopened and revised. Since the SSI fraction was not reopened or revised by the Intermediary, the PRRB dismissed

3

Plaintiff's appeal of the SSI fraction for lack of jurisdiction. The PRRB found that it had jurisdiction over Plaintiff's appeal of the Medicaid fraction because the Intermediary reopened and changed that aspect of the disproportionate share hospital payment in the November 17, 2004 NPR.

Plaintiff now challenges the lawfulness of the PRRB's February 15, 2006 final decision dismissing Plaintiff's appeal for lack of jurisdiction relating to the SSI fraction. Plaintiff contends that the PRRB's decision to reject jurisdiction was arbitrary and capricious and in violation of the APA, 5 U.S.C. § 706(2). Defendant argues that the PRRB's decision did not violate the APA and should be upheld.

## DISCUSSION

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when the pleadings and the evidence demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In assessing a motion for summary judgment, the court must view all facts and reasonable inferences in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). When there are cross-motions for summary judgment, the court should "construe the evidence and all reasonable inferences in favor of the party against whom the motion under consideration is made." *Premcor USA, Inc. v. Am. Home Assurance Co.*, 400 F.3d 523, 526-27 (7th Cir. 2005).

**I.      Standard Of Review**

For Medicare provider reimbursement cases, "judicial review of the Secretary's decision is governed by 42 U.S.C. § 1395oo(f), which incorporates the standard of review of the [APA]."

*Hinsdale Hosp. Corp. v. Shalala*, 50 F.3d 1395, 1399 (7th Cir. 1995). The APA provides that an agency's decision will be set aside only if it is "arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence in the case, or not in accordance with the law." *Howard Young Med. Ctr., Inc. v. Shalala*, 207 F.3d 437, 441 (7th Cir. 2000) (citing 5 U.S.C. § 702(2)(A), (E)). Judicial review includes review of the PRRB's decision to deny jurisdiction. *Edgewater Hosp. Inc.*, 857 F.2d 1123, 1131 (7th Cir. 1988), *as amended*, 886 F.2d 228 (7th Cir. 1989) (quoting *Bethesda Hosp. Ass'n v. Bowen*, 485 U.S. 399, 406-07 (1988)).

Under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843 (1984), the court "must uphold *any* reasonable [agency] construction of the statute" if the court determines that "Congress has not spoken directly or explicitly on the [question at] issue." *Wilkins v. Sullivan*, 889 F.3d 135, 139 (7th Cir. 1989) (citations omitted); *see also French Hosp. Med. Ctr. v. Shalala*, 89 F.3d 1411, 1416 (9th Cir. 1996) ("If a statute is silent or ambiguous, . . . the court will defer to the agency's interpretation."). The court owes particular deference to the Secretary's interpretation of his own regulations. *See Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994); *Hinsdale Hosp. Corp.*, 50 F.3d at 1399. Furthermore, the substantial-evidence standard dictates that "[i]f [the Secretary's] characterization is sustainable, it must be sustained." *Carle Found. Hosp. v. Shalala*, 57 F.3d 597, 599 (7th Cir. 1995) (citing *Daviess Cty. Hosp. v. Bowen*, 811 F.2d 338, 343 (7th Cir. 1987)).

Plaintiff's reliance on the lesser degree of deference discussed in *Edgewater Hospital* is misguided. *Edgewater Hospital* stated that, in the context of the Medicare Act's reimbursement provisions, "a lesser degree of deference is required when reviewing the Secretary's actions," and "deference to the Secretary or to the Review Board must yield to the clear meaning of the statute as revealed by its language, purpose or history." 857 F.2d at 1130. However, the

plaintiff hospital in *Edgewater Hospital*, unlike Plaintiff here, appealed the initial reimbursement determination within 180 days as permitted under the Medicare Act. *Id.* at 1125. The revised NPR that the fiscal intermediary issued in *Edgewater Hospital* implicated the statute by directly responding to plaintiff hospital's timely appeal of the initial NPR. Because Plaintiff in the present case did not appeal within 180 days, the revised NPR at issue only related to a reopening request and only implicated a regulation. Reopening requests within three years of a reimbursement determination are permitted by the Secretary's regulations but are not mentioned in the Medicare Act itself. *See* 42 C.F.R. § 405.1885. With the statute silent and a regulation at issue, *Edgewater Hospital* does not apply to the question of deference now in front of this court.

## II.     The PRRB's Decision Should Be Upheld

Because of the level of deference involved in the instant case, any reasonable determination by the PRRB will be sufficient for this court to uphold its decision. The court's opinion of the most proper outcome is irrelevant as long as the PRRB's determination is in accordance with the APA. The Intermediary was silent as to the SSI fraction both in its November 10, 2004 notice of reopening and in its November 17, 2004 revised NPR. From this, the PRRB determined that it did not have jurisdiction over the SSI fraction issue. Specifically, the PRRB determined that the SSI fraction issue was not reopened or revised.

The dispositive issue here is whether the PRRB violated the APA when it determined that the Intermediary never reopened the SSI fraction issue. The court holds that the PRRB did not. It is settled that a provider cannot appeal a fiscal intermediary's refusal to reopen a cost report. *See Your Home Visiting Nurse Servs., Inc. v. Shalala*, 525 U.S. 449, 453 (1999). It is also clear that because of the "issue specific" nature of 42 C.F.R. § 405.1889, a provider hospital cannot appeal an issue to the PRRB if a fiscal intermediary does not reopen the issue. *See Anaheim*

*Mem. Hosp. v. Shalala*, 130 F.2d 845, 851 (9th Cir. 1997) (citing *French Hosp.*, 89 F.3d at 1412). Therefore, the Secretary's definition of reopening and its determination of the scope of reopening are central to the resolution of this case.

The Secretary's definition of reopening undermines Plaintiff's argument that the Intermediary reopened the SSI fraction issue. According to the Secretary, "reopening" is "an affirmative action taken by an intermediary . . . to re-examine or question the correctness of a determination . . . ." *Edgewater Hosp.*, 857 F.2d at 1135 (citations omitted). The only information from the Intermediary was its silence as to the SSI fraction issue and its reopening of the Medicaid fraction issue. The PRRB determined that this silence was not a reopening-- a determination that gains further support from the fact that the Intermediary does not calculate the SSI fraction. Upon receiving Plaintiff's reopening requests, the Intermediary could easily re-examine the Medicaid fraction issue, which it does calculate, without ever re-examining the SSI fraction. The PRRB's interpretation of the Intermediary's silence is entitled to deference, and its determination that the SSI fraction issue was not reopened is sustainable.

The fatal flaw in Plaintiff's heavy reliance on *Edgewater Hospital* is that *Edgewater Hospital* does not address the question of what is a "reopening." The fiscal intermediary in *Edgewater Hospital* clearly reopened the contested issues. The court in *Edgewater Hospital* stated that "[i]t is incontrovertible that the [fiscal intermediary] honored [plaintiff hospital's] request for reconsideration of the disallowed cost items listed in the first NPR." *Id.* at 1134. Along with reopening the first NPR and sending a revised NPR with an adjustment, the intermediary in *Edgewater Hospital* took the affirmative action of sending plaintiff hospital a letter "explaining that it would not change three items but had been persuaded to allow the fourth claim." *Id.* at 1135. No such affirmative action occurred in the present case.

7

Plaintiff's argument that the PRRB has jurisdiction over the SSI fraction issue by virtue of its jurisdiction over the Medicaid fraction issue also fails. The reopening of the Medicaid fraction of the disproportionate payment adjustment is by no means an inherent reopening of the SSI fraction issue. The court should defer to the PRRB's determination that the scope of the reopening was limited to the Medicaid fraction issue. The Secretary's determination of the scope of a reopened issue is entitled to deference because scope is "a difficult question, requiring judgment, discretion, and some expertise in hospital finance . . . ." *Anaheim Mem. Hosp.*, 130 F.3d at 852 (citing *Thomas Jefferson Univ.*, 512 U.S. at 512). Specifically, it is within the Secretary's discretion to determine that a broad issue, such as the disproportionate share hospital payment adjustment, encompasses separate "issues" for purposes of 42 C.F.R. § 405.1889. *Id.*

A similar question of scope was the focal point of *Anaheim Memorial Hospital*, 130 F.2d 845. That case involved cost ceilings called "routine cost limits" ("RCL"), which are derived from numerous factors. *Id.* at 847. The issue in the case was whether the PRRB had jurisdiction to hear an appeal related to an RCL factor when the revised NPR only addressed the application of the RCL in general. *Id.* at 849-50. The court found that it was "entirely reasonable for the Secretary to conclude that reopening a cost report to [change the way the RCL was applied to one item did] not give the [PRRB] jurisdiction to hear a challenge to . . . any component of the RCL." *Id.* at 851. The court deferred to the Secretary's decision to subdivide the RCL issue and its determination of the restricted scope of the reopened issue. *Id.* at 852.

The PRRB's subdivision of the disproportionate share hospital payment adjustment in the present case is entitled to the same level of deference. The Medicaid fraction and the SSI fraction are both components of the disproportionate share hospital payment adjustment calculation, but the disproportionate share hospital payment adjustment is complicated and broad enough to

8

warrant its subdivision. As *Anaheim Memorial Hospital* makes clear, reopening one of the components does not amount to reopening all of the components. The Intermediary's reopening of the Medicaid fraction issue does not grant the PRRB jurisdiction over the SSI fraction issue. Moreover, there is a significant interest in finality involved in the instant case. The U.S. Supreme Court stated clearly that "[t]he right of a provider to seek reopening exists only by grace of the Secretary, and the statutory purpose of imposing a 180-day limit on the right to seek Board reviews of NPRs, *see* 42 U.S.C. 1395oo(a)(3), would be frustrated by permitting requests to reopen to be reviewed indefinitely." *Your Home*, 525 U.S. at 454; *see also Anaheim Mem. Hosp.*, 130 F.3d at 852 (citing *French Hosp.*, 89 F.3d at 1420). A plaintiff, who does not make use of its opportunity to appeal, "may not use a reopening of its cost report on an unrelated issue to walk through the statute of limitations on its appeal of [an RCL factor]." *Anaheim Mem. Hosp.*, 130 F.3d at 852. Plaintiff here did not take advantage of its appeal rights within the 180 days allowable under the Medicare Act. Having left the decision to reopen the SSI fraction issue with the Intermediary, Plaintiff cannot now complain that the Intermediary chose not to reopen it.

In sum, we find that the PRRB did not violate the APA when it determined that the Intermediary never reopened the SSI fraction issue.

## **CONCLUSION**

For all of the foregoing reasons, defendant Secretary Leavitt's motion for summary judgment [36] is granted and plaintiff Little Company of Mary Hospital's motion for summary judgment [35] is denied. All other pending motions, including plaintiff's request for leave to file

second amended complaint, are denied as moot. This case is hereby terminated, and this is a final and appealable order.

It is so ordered.

                                                 Wayne R. Andersen
                                                 United States District Court

Dated: December 10, 2008